Gregory G. Barnett
Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT WHITE FLEET LTD.

      Plaintiff,

   - against –

M/V WARNOW WHALE, her engines, tackle, boilers, etc., *in rem* and PRINCESIA SHIPPING COMPANY LIMITED and GB Shipping & Chartering GmbH & Co KG, *in personam*.

      Defendants.
------------------------------------------------------------X

Civ.

**COMPLAINT**

Plaintiff, Great White Fleet Ltd., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. The contract between the parties, a charter party dated 18th May 2018, provides that disputes that arise under the charter party be resolved in the United States District Court for the Southern District of New York.

## PARTIES

3. At all material times, GREAT WHITE FLEET LTD. (hereinafter "GWF" or "Plaintiff") was a corporation with an office and place of business located at Claredon House 2 Church Street Hamilton, Bermuda, and was the time charterer of the M/V WARNOW WHALE.

4. At all material times, defendant M/V WARNOW WHALE (also referred to as "the vessel" or "defendants"), IMO number 9395032, is an ocean-going container ship owned and operated by defendants, as more specifically described below and was the vessel that was the subject of the charter party between plaintiff and defendants.

5. At all material times, defendant Princesia Shipping Company Limited, (hereinafter "Princesia or "defendants") was and is a corporation with an office and/or place of business located at c/o GB Shipping & Chartering GmbH & Co KG, Am Nesseufer 30, 26789 Leer (Ostfriesland), Germany, was and is the registered owner and/or operator of the M/V WARNOW WHALE and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. At all material times, defendant GB Shipping & Chartering GmbH & Co KG, (hereinafter "GB" or "defendants") was and is a corporation with an office and place of business located at Am Nesseufer 30, 26789 Leer (Ostfriesland), Germany, was and is the beneficial owner and/or operator and/or manager of the M/V WARNOW WHALE and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said claims, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

8.  On May 18, 2018, GWF as charterer, and Princesia, as owner, entered into a charter party (hereinafter "charter" or "contract") for the use of the M/V WARNOW WHALE for a period of approximately 19 months commencing on or about May 24, 2018.

9.  The parties' intent was to have the vessel provide a "feeder service" by regularly moving Chiquita bananas in containers between various countries in Central America so that the containers of fruit would be transshipped on larger vessels destined to the United States.

10. Due to the perishable nature of the fruit the parties understood that time was of the essence and therefore incorporated it into the contract. The parties understood that it was essential that the vessel with her containers arrive in sufficient time at the transshipment port so that the containers of fresh fruit could be loaded onto vessels with strict schedules destined to markets in the United States.

11. The charter contract between the parties described the M/V WARNOW WHALE as being able to proceed at 19 knots.

12. Soon after the M/V WARNOW WHALE was on charter to GWF, it loaded a complement of containers and GWF requested the master of the vessel to proceed at full speed.

13. The vessel was unable to proceed at 19 knots. During the entire period the vessel was on charter to GWF it was unable to perform as warranted. The vessel was woefully deficient with respect to its speed- traveling at times between 12.5 and 17.5 knots.

14. As a result, the vessel consistently arrived late and missed transshipment times.

15. The vessel was not described properly and/or was purposefully mis-described in the charter in order to have GWF charter the vessel.

16. GWF relied on the description of the vessel and relied that it could perform as warranted and described and on that good faith basis chartered the vessel.

17. As a result of the vessel's lack of performance the vessel was returned to *in personam* defendants and redelivered on or about July 5, 2018. The vessel was replaced by the M/V AS FEDERICA.

18. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be extra fuel consumption of $11,630.56; time lost $56,925; extra port call in Moin, Costa Rica of $8,140; extra survey charges of $1,850, $116,300 for payment of freight to third parties because of the late arrival of the M/V WARNOW WHALE in weeks 22-23 and $410,510 in payment of freight to third parties in week 25.

19. GWF paid freight to third parties because the transshipment was missed due to the lack of performance of the M/V WARNOW WHALE. If GWF did not to pay for outside freight its damages would have been greater because fruit would have been lost and damaged.

20. The lack of performance by the vessel was a material breach of the charter and resulted in damages to GWF.

21. As a result of the damages sustained as described above, GWF set-off $322,951.53 against the last payment of freight to defendant Princesia.

22. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $605,355.56. Taking into account the amount set off, GWF is still damaged in the amount of $282,404.03.

23. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently

estimated to be no less than $605,355.56. Taking into account the amount set off, GWF is still damaged in the amount of $282,404.03.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $605,355.56, plus interest, attorney fees, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 24, 2019
153-85

                        **CASEY & BARNETT, LLC**
                        Attorneys for Plaintiff

By: _/s/ Martin F. Casey_
                        Gregory G. Barnett
                        Martin F. Casey
                        305 Broadway, Ste 1202
                        New York, New York 10007
                        (212) 286-0225
                        ggb@caseybarnett.com
                        mfc@caseybarnett.com